JOSEPH RAYMOND LEDUC *vs.* OVILA GERMAIN *et al.*

LEO PLANTE *vs.* SAME.

HOMERE O. COTE *vs.* SAME.

WILFRED J. LECLAIRE *vs.* SAME.

ALPHONSE LAFERRIERE *vs.* SAME.

MAY 2, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. These are petitions for *certiorari* directed to the members of the joint standing committee on fire department of the city council of the city of Woonsocket to review the action of the respondents in summarily ordering the

discharge of the petitioners from the department without preferring charges against them and giving them a hearing thereon. We allowed the petitions to be filed and issued *certiorari* to bring up the record of the committee for our inspection.

This record shows that on December 17, 1940 petitioners were "appointed as permanent members of the Fire Department" as of that date by the committee on fire department then in office. Thereafter a question arose as to whether such action of the committee was intended to waive the requirement of Rule 2 of the rules of the department that applicants for appointment as permanent members must first serve six months and qualify in the drill school of the department to the satisfaction of the chief. To set this question at rest, the committee, by resolution dated January 3, 1941, formally declared such was not its intention and reaffirmed its appointments of petitioners "subject of course, to the preliminary period of probation provided for in the resolution of the City Council aforesaid", that is, subject to Rule 2 of the rules of the department.

The record further shows that on January 5, 1941 a new committee succeeded the committee which "appointed" the petitioners, and that on January 6, 1941 this committee adopted a resolution formally declaring the "appointments" of the petitioners "invalid and of no effect" and ordering the chief of the fire department to discharge them. The reasons set out in the resolution for such action are substantially that the old committee did not pass on the qualifications of the alleged appointees in accordance with Rule 2 of the rules of the department; that certain of the alleged appointees were not qualified as shown by their applications; that the alleged appointees were not legally appointed; and that the old committee's action of January 3, 1941 was contrary to law and not for the best interest of the city of Woonsocket.

Petitioners contend that they were duly appointed on December 17, 1940 as members of the fire department; that

as such members they were entitled to the protection of the rules of the department; that by virtue of Rule 11 they were entitled to notice in writing of charges and a hearing thereon before they could be legally discharged; and that such hearing on charges must be a judicial hearing governed by rules obtaining generally in judicial proceedings. They contend that their discharges are invalid from the beginning because they have been denied those rights.

Respondents contended in reply that petitioners were not members of the fire department but merely applicants for appointment contingent upon the successful completion of a probationary training period; that as such they could not invoke the protection of Rule 11; that even if they could, said rule does not provide for a hearing; and finally, that even if, by implication, it does so provide, nevertheless it can avail these petitioners nothing, as they were not discharged because of the violation of any rule but because they had never been legally appointed in the first place.

Rule 11 as it appears in Appendix A of petitioners' brief is as follows:

> "Rule 11. Charges for the violation of any Rule, Regulation or Order established by the Chief or Fire Committee shall be made in writing and any failure or neglect on the part of any member of the Department to promptly report any violation of any such rule, regulation or order of which he shall have knowledge, shall be considered a violation of the rules on the part of such member and shall subject him to such penalties hereinafter named as the Fire Committee may determine unless it is shown to the satisfaction of said Committee that such failure or neglect was on the part of such member unavoidable."

Counsel have ably argued their respective contentions. It is clear from their arguments and their briefs that this is an unusual case. In our opinion it presents a somewhat different problem from that presented in each of the following

cases which the petitioners cite and on which they very largely rely: *McCarthy* v. *Board of Aldermen,* 38 R. I. 385; *Garvin* v. *McCarthy,* 39 R. I. 365; *Bergeron* v. *Batchelor,* 46 R. I. 224. In each of those cases the status of the petitioner admittedly entitled him to invoke the statute in his behalf, and it was conceded that the alleged erroneous action of the respondents was predicated upon a charge of personal misconduct on the part of the petitioner. Here, in these two respects, the case is different.

Unless we find that the present petitioners were members of the fire department and as such were entitled to the protection of Rule 11, and that the rule applies to an order of discharge based upon reasons stated in the respondents' resolutions of January 6, 1941, the cases above cited are of little, if any, assistance. What was the status of each petitioner after the old committee's action of December 17, 1940 purporting to appoint each petitioner as a member of the fire department? For an answer to this question we must look to the rules of the fire department. It is agreed by petitioners and respondents that Rule 2 thereof entitled "Appointment to the Force" governs the fire committee in making appointments. That rule as it appears in Appendix AA of petitioners' brief is as follows:

"Rule 2. No person shall hereafter be appointed on the force of the Fire Department unless he is (1), a qualified voter for general officers in this city, and this qualification must continue during the entire period of membership; (2), of good moral character and habits; (3), in good health and sound in mind and body, and he shall furnish a certificate from the examining physician to that effect; (4), able to read and write the English language; (5), not more than 35 years of age, height not less than 5 feet 7 inches, weight not less than 135 pounds; (6), shall have served a six months probationary period during which time he shall attend the Drill School of the Fire Department as ordered by the Chief of the Fire Department and shall qualify in the opinion of said Chief of the Fire Department in all mat-

ters required in the course of instruction of said Drill School as established by the Chief. Failure of any applicant to so qualify shall bar said applicant from becoming a permanent member of said Fire Department. In case of any disability to attend said Drill School during said six months probationary period, due to sickness or accident to said applicant, the said six months probationary period may be extended by the Chief to permit said applicant to complete said course of said Drill School."

Upon careful consideration of the language of that rule, we are of the opinion that the petitioners were not legally appointed as permanent members of the fire department by the old fire committee on December 17, 1940. The first portion of that rule, together with the language of clause (6), states clearly that no person shall be appointed on the force of the fire department *unless* he shall have served a six months' probationary period, have attended drill school as ordered by the chief of the fire department, and shall have qualified, in the opinion of the chief, in all matters required in the course of instruction. And there is the further express provision in said clause that failure to so qualify shall bar the *applicant* from becoming a permanent member of the fire department.

It is plain, therefore, that an applicant for membership in the fire department cannot be *appointed* a permanent member *unless* he *has served* a probationary term of instruction and *has qualified* in the duties of a fireman to the satisfaction of the chief. Those are indispensable conditions precedent to *appointment* by the fire committee. Until they have been fulfilled, the committee is without power to make an *appointment* to the permanent force.

Neither on December 17, 1940 nor on January 3, 1941 had petitioners fulfilled these conditions; therefore, they held no appointments as members of the fire department. After December 17, 1940 they were still no more than applicants seeking to qualify for appointment at the end of their proba-

tionary period of instruction. They continued in that category until they were discharged on January 6, 1941, in pursuance of the respondents' resolution of that date.

Since petitioners were not eligible for appointment as members of the department on either December 17, 1940 or on January 3, 1941, they were not entitled to the protection of Rule 11 which, if it affords any protection, does so only to those who, having satisfactorily served their probationary terms, have been thereafter appointed by the Committee on fire as qualified firemen of the department. In the absence of a statute or ordinance expressly extending protection to applicants, who are serving their probationary terms of instruction, against having such terms of instruction arbitrarily voided, we are powerless to grant relief. Manifestly, a matter of this kind is legislative and calls for legislative and not judicial action. Except where otherwise provided in the constitution, the power to fix and safeguard the tenure of public officers and employees is vested in the legislature. These petitions, therefore, must be and they are hereby denied.

The writs of *certiorari* heretofore issued are quashed, and the records certified here are ordered sent back to respondents.

*John J. Mee,* for petitioners.

*Morris E. Yaraus, City Solicitor,* for respondents.